IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* EDYTH L. SIKKENGA, and EDYTH L. SIKKENGA, on her own behalf,<br><br>Plaintiffs,<br><br>vs.<br><br>REGENCE BLUECROSS BLUESHIELD OF UTAH, f.k.a. BLUE CROSS AND BLUE SHIELD OF UTAH, ASSOCIATED REGIONAL AND UNIVERSITY PATHOLOGISTS, INC., JOHN P. MITCHELL, JED H. PITCHER, FRANK BROWN, and DOES 1-30,<br><br>Defendants. | **ORDER**<br><br>Case No. 2:99-CV-00086<br><br>Judge Dee Benson |

Before the court is Defendants' motion to reconsider this court's dismissal of Plaintiff's state law claim *without* prejudice. Specifically, on September 11, 2007, this court dismissed, with prejudice, Plaintiff's False Claims Act ("FCA") claim on the grounds that Plaintiff failed to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. In that same decision, however, this court declined to exercise supplemental jurisdiction over Plaintiff's state law claim of wrongful termination, and thus dismissed that claim *without* prejudice. Defendant now asks the court to reconsider that ruling.

In 2002, when this case was before Judge Kimball, this court held that "principles of judicial economy, fairness, and convenience would be served" by exercising supplemental jurisdiction over Plaintiff's state law claims. Docket No. 59 at 9-10. No party in this case has ever asked the court to reconsider that decision, nor has any party ever appealed that decision. Therefore, this court's exercise of supplemental jurisdiction over Plaintiff's state law claims has

become the "law of the case" on remand. *See Concrete Works of Colorado, Inc. v. City and County of Denver*, 321 F.3d 950, 992-93 (10th Cir. 2003) ("A legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.") (citations omitted). Accordingly, this court will retain jurisdiction over Plaintiff's sole remaining state law claim of wrongful termination.

In order to prevail on a claim of wrongful termination, Plaintiff must prove that "(1) her employment was terminated; (2) a clear and substantial public policy existed; (3) the plaintiff's conduct implicated that clear and substantial public policy; and (4) the termination and conduct in furtherance of the public policy are causally connected." *Rackley v. Fairview Care Centers*, 23 P.3d 1022, 1026 (Utah 2001). Both parties recognize that success of Plaintiff's state law claim is dependent upon success of her FCA claim. "Without a valid False Claims Act claim against [Defendant], ... [Plaintiff] has not demonstrated a clear and substantial public policy for her wrongful termination claim against [Defendant]." *U.S. ex. rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 730 (10th Cir. 2006) (quoting Docket No. 88 at 6-7). Therefore, in accordance with this court's prior ruling dismissing Plaintiff's FCA claim with prejudice, Plaintiff's state law claim of wrongful termination is also dismissed *with* prejudice. Defendant's motion is hereby GRANTED.

IT IS SO ORDERED.

DATED this 16th day of October, 2007.

Dee Benson
United States District Judge