IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* EDYTH L. SIKKENGA, and EDYTH L. SIKKENGA, on her own behalf,<br><br>    Plaintiffs,<br><br>vs.<br><br>REGENCE BLUECROSS BLUESHIELD OF UTAH, f.k.a. BLUE CROSS AND BLUE SHIELD OF UTAH, ASSOCIATED REGIONAL AND UNIVERSITY PATHOLOGISTS, INC., JOHN P. MITCHELL, JED H. PITCHER, FRANK BROWN, and DOES 1-30,<br><br>    Defendants. | **ORDER**<br><br>Case No. 2:99-CV-00086<br><br><br>Judge Dee Benson |

Before the Court is Relator Edyth Sikkenga's ("Sikkenga") motion for reconsideration and recusal.  Sikkenga has filed this motion pursuant to 28 U.S.C. § 455(a) and (b)(4), alleging that the Court's involvement with the University of Utah raises significant concerns about the Court's ability to be fair and equitable in this matter.

**Factual Background for this Motion**

1. The Court has served as an adjunct professor at the University of Utah's Law School, teaching one class a year, since 1999.

2. ARUP, a defendant in this action, is a wholly owned corporation of the University of Utah.

3. Jim Jardine, counsel for ARUP, is a member of the Utah State Board of Regents, the entity that controls all public higher education in the state of Utah.

   4. Defendant Jed Pitcher of Regence is also a member of the Utah State Board of Regents.

   5. Randy Dryer, counsel for Regence, is the chair of the University of Utah Board of Trustees.

  Sikkenga argues that because the Court serves as an adjunct professor at the University of Utah's Law School – which is affiliated with corporate defendant ARUP – the Court is effectively subject to the supervision of Messrs. Jardine, Pitcher, and Dryer as members of the Board of Regents and Board of Trustees. Therefore, Sikkenga asserts, the Court's impartiality in this case may reasonably be called into question, and the Court must recuse itself from this case.

## Analysis

**I.** **Legal Standard**

  Title 28 U.S.C. § 455 provides that a federal judge must recuse himself "in any proceeding in which his impartiality might be reasonably questioned" or where "[h]e knows that he . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(a) and (b)(4). In applying this standard, the Tenth Circuit looks to determine "'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). This is a purely objective standard. "The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

## II.     Timeliness of This Motion

A motion to recuse should be filed in a timely manner so as not to waste judicial resources.  *See Willner v. Univ. of Kansas*, 848 F.2d 1020, 1023 (10th Cir. 1988).  The present motion was filed eight months after this case was assigned to this Court, and two months after this Court's Order granting Defendants' motions to dismiss was issued.  Thus on its face, Sikkenga's motion appears to be untimely.

Sikkenga argues, however, that the timing of this motion was not an effort to waste judicial resources or to manipulate the judicial process, but was simply the result of Sikkenga and her counsel not being aware of the Court's affiliation with the University of Utah.  Sikkenga assures the Court that immediately upon learning of this affiliation, the present motion was filed.  The Court can sympathize with Sikkenga in this regard.  For just as Sikkenga was not aware that the Court was an adjunct professor at the University of Utah's Law School, the Court was not aware – until this motion was filed – that it apparently is being supervised by Messrs. Jardine, Pitcher, and Dryer.  The Court, therefore, will disregard the timeliness issue of this motion and will address this motion on its merits.

## III.     Recusal

In addressing the merits of this motion, the Court must determine whether considering all the facts, a reasonable person "would harbor doubts about the [Court's] impartiality."  *Burger*, 964 F.2d at 1070.  The Tenth Circuit has explained that "[t]here must be a reasonable factual basis to question the judge's impartiality," *In re McCarthy*, 368 F.3d 1266, 1269 (10th Cir. 2004), and that  "[t]he recusal statute should not be construed so broadly as to become presumptive or to require recusal on unsubstantiated suggestions of personal bias or prejudice." *Bryce v. Episcopal*

3

*Church in the Diocese of Colorado*, 289 F.3d 648, 659-60 (10th Cir. 2002). Accordingly, a judge should not recuse himself based on tangential or insubstantial relationships.

The relationships that Sikkenga points to in the present case are far too attenuated to cause a reasonable person to question the Court's impartiality in this matter. First and foremost, the present law suit is against ARUP, not the University of Utah. As the Tenth Circuit has previously held in this case, ARUP "retains substantial autonomy in its operations, and operates with little, if any guidance or interference from the University or the State [of Utah]." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 720-21 (10th Cir. 2006). Any connection between the Law School and ARUP, therefore, is highly tangential.

Second, Defendant's and Defendants' counsels' positions on the Board of Regents and Board of Trustees constitute an extremely insubstantial and weak relationship between Defendants and the Court. The Utah State Board of Regents is a policy-making body which oversees all public higher education institutions in the State of Utah. Its purpose is to promote efficiency and accountability among these institutions. It does not supervise the faculty of these institutions. Similarly, the University of Utah Board of Trustees provides broad oversight of the University of Utah and does not directly supervise its full-time or adjunct faculty. These insubstantial relationships, therefore, do not create the appearance of bias or prejudice. *See, e.g., Wu v. Thomas*, 996 F.2d 271, 274-75 & n.7 (11th Cir. 1993) (finding that § 455 did not require recusal where judge was alumnus of defendant-university, was an unpaid adjunct professor, planned to create a scholarship at the university, and donated yearly to the university in exchange for football tickets).

**Conclusion**

The only factual basis that Sikkenga has provided for recusal under § 455 is the Court's affiliation with the University of Utah's Law School.  The present action, however, is not against the University of Utah, but is against ARUP, an affiliate organization that enjoys almost complete autonomy from the University.  Furthermore, the connection between the Court and Defendants with regard to the University of Utah are far too attenuated as to make a reasonable person "harbor doubts about the [Court's] impartiality."  *Burger*, 964 F.2d at 1070.  Accordingly, Sikkenga's motion for reconsideration and recusal is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of January, 2008.

Dee Benson
United States District Judge